IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | | |
|---|---|---|
| STACY NELSON-WAGGONER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:05-CV-248 DAK |
| | ) | |
| v. | ) | District Judge Dale A. Kimball |
| | ) | |
| JERRY JORGENSEN, | ) | **MEMORANDUM DECISION** |
| | ) | |
| Respondent. | ) | Magistrate Judge Samuel Alba |

---

Petitioner, Stacy Nelson-Waggoner, an inmate at Central Utah Correctional Facility, petitions for habeas corpus relief.[1]  The Court denies him.

BACKGROUND

Petitioner's final judgment of conviction for aggravated sexual assault was entered March 13, 2000.  He was sentenced to ten-years-to-life in prison.

Petitioner filed a direct appeal in the Utah Supreme Court. He asserted that (1) the trial court plainly erred in letting the State amend his criminal information two days before trial; and (2) his trial counsel was ineffective because he objected neither to the amended information nor to prejudicial remarks by the prosecutor during closing statements.  On April 16, 2004, the Utah Supreme Court affirmed his conviction.

Petitioner now raises these same claims, requesting federal habeas relief.  The State responds that his arguments do not

---

[1]*See* 28 U.S.C.S. § 2254 (2009).

clear the hurdle posed by the federal standard of review.  The
Court agrees.

ANALYSIS

I.  Standard of Review

The standard of review to be applied in federal habeas cases
is found in § 2254, under which this habeas petition is filed.
It states:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be
> granted with respect to any claim that was
> adjudicated on the merits in State court
> proceedings unless the adjudication of the
> claim--
>
> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of
> the United States; or
>
> (2) resulted in a decision that was
> based on an unreasonable determination of the
> facts in light of the evidence presented in
> the state court proceeding.[2]

"*Subsection* (d)(1) governs claims of legal error while *subsection*
(d)(2) governs claims of factual error."[3]

Petitioner does not suggest the Utah Supreme Court
perpetrated factual error.  The Court's inquiry here, then, is
limited to whether the supreme court's rejection of Petitioner's

---

[2]28 U.S.C.S. § 2254(d) (2009).

[3]*House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008), *cert. denied*, 2009
U.S. LEXIS 1622 (Feb. 23, 2009).

claims "was contrary to, or involved an unreasonable application of, clearly established Federal law."[4]  The Court is not to determine whether the supreme court's decision was correct or whether this Court may have reached a different outcome.[5]  "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[6]

Under *Carey v. Musladin*,[7] the first step is determining whether clearly established federal law exists relevant to Petitioner's claim.[8]  Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law."[9]

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[10]

---

[4]28 U.S.C.S. § 2254(d) (2009).

[5]*See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

[6]*Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

[7]549 U.S. 70 (2006).

[8]*House*, 527 F.3d at 1017-18.

[9]*Id.* at 1018.

[10]*Id.* at 1016.

3

In deciding whether relevant clearly established federal law
exists, this Court is not restricted by the state court's
analysis.[11]

By challenging the Utah Supreme Court's decisions regarding
the State's amendment of his criminal information and his trial
counsel's alleged ineffectiveness, Petitioner is attacking legal
conclusions.  Thus, the Court must determine whether clearly
established federal law exists relevant to these claims.

A. Amendment of Criminal Information

Petitioner's original criminal information gave a range of
dates, about two weeks long, in which the offense occurred.[12]
The victim testified at the preliminary hearing that the offense
occurred on the later of two Sundays within the range.[13]  But, in
response to Petitioner's many inquiries, the State said it could
not narrow the range stated in the information.[14]  Petitioner
filed two different notices of alibi, in which he asserted he was
in the Utah county in which the crime occurred (but not with the
victim) on the first of the two Sundays, but was in Arizona the

---

[11]*See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("Federal courts are not
free to presume that a state court did not comply with constitutional dictates
on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*,
540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our
precedents, 'so long as neither the reasoning nor the result of the state-
court decision contradicts them.'") (citation omitted).

[12]*State v. Nelson-Waggoner*, 2004 UT 29 ¶ 8.

[13]*Id.*

[14]*Id.* ¶ 9.

second of the Sundays.[15]   He knew when he filed his notices that the victim was now leaning toward the first Sunday as the date of the offense, instead of the second Sunday, as she had testified at the preliminary hearing.[16]   "Two days before the trial began, the State amended its information, narrowing the date of the offense to 'on or about November 17, 1996.'   [Petitioner] did not object."[17]

Although Petitioner's failure to object left the issue unpreserved for appeal, Petitioner contended on appeal before the Utah Supreme Court "that allowing the State to amend the information was error because his substantial rights were prejudiced, in violation of Utah Rule of Criminal Procedure 4(d)."[18]   Petitioner urged the supreme court to consider this unpreserved claim under the plain error, exceptional circumstances, and/or manifest injustice doctrines.   The court rejected his arguments.

### 1. State Law

Petitioner presented this issue to the Utah Supreme Court as a breach of Utah law.   To the extent Petitioner questions the validity of the state courts' interpretation and/or application

---

[15]*Id.* ¶ 10.

[16]*Id.*

[17]*Id.* ¶ 12.

[18]*Id.* ¶¶ 15-16.

of a state rule of criminal procedure, the Court rejects this basis for a habeas remedy.[19]

## 2. Exhaustion and Procedural Default

To the extent Petitioner may be trying to reframe a state-law argument as a federal due process issue for purposes of seeking federal habeas relief, the Court also rejects his amended-information claim as unexhausted and procedurally defaulted. He did not state the claim as a due-process violation in state court. Thus, Petitioner did not exhaust his *federal* claim in state court, as he must to proceed with it further here.[20]

Perhaps Petitioner may argue that his state appellate arguments "implied" he was denied his due process rights under the Fifth and Fourteenth Amendments. This Court sees no such implication. And, even assuming an implication, "[i]t is not sufficient that all the facts necessary to support a federal claim were before the state court or that a similar state-law claim was made."[21] State courts must be given the chance to cure

---

[19] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

[20] *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

[21] *Knapp*, 1998 WL 778774, at *2; *see also Picard*, 404 U.S. at 277 (holding no exhaustion when "all the facts" were presented, "[y]et the constitutional claim . . . inherent in those facts was never brought to the attention of the state courts"); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) ("[T]he exhaustion doctrine requires a habeas applicant to do more

alleged breaches of federal rights by being "'alerted to the fact that the prisoners are asserting claims under the United States Constitution.'"[22]  The critical question "is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."[23]

Nothing in Petitioner's state appellate arguments as to his amended-information claim even subtly hinted at federal due process underpinnings, let alone explicitly stated a federal constitutional claim as required.  Although Petitioner retrospectively casts his state-law arguments in due process terms, "'errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.'"[24]  Under the circumstances, this Court cannot say that Petitioner "fairly presented and gave notice of his due process claim" to the Utah appellate courts.[25]  Thus, any federal grounds for relief as to the amended information are unexhausted.

------

than scatter some makeshift needles in the haystack of the state court record. . . . Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.").

[22]*Knapp*, 1998 WL 778774, at *2 (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

[23]*See id.* (citing *Picard*, 404 U.S. at 278); *see also Martens*, 836 F.2d at 717 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.").

[24]*Carson v. Director*, 150 F.3d 973, 975 (8th Cir. 1998) (citation omitted).

[25]*See Knapp*, 1998 WL 778774, at *3.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[26]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[27]  The additional federal constitutional grounds Petitioner raises could have been raised at trial or on direct appeal and are, therefore, now ineligible for state post-conviction relief.

The PCRA further states that a state petition for post-conviction relief must be filed within one year of "the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed."[28]  So, even if Petitioner were

---

[26]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[27]Utah Code Ann. § 78B-9-106(1)(c) (2008); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .") (citation omitted).

[28]Utah Code Ann. § 78B-9-107 (2008).

to try now to file a state post-conviction-relief petition to effect exhaustion on this issue, the statute of limitation has run out and such a petition would not be accepted (barring some possible extreme exceptional circumstance that has not been brought to this Court's attention).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[29]  Petitioner has argued neither cause and prejudice nor a fundamental miscarriage of justice that justify his procedural default.

In sum, the Court determines Petitioner did not properly raise his amended-information-due-process issue before the Utah Supreme Court.  Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.  Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

3. Application of Federal Habeas Standard of Review

As an alternative ground for denying Petitioner's claim, the Court addresses its substance.  This Court noted above that *Carey*

---

[29]*Thomas*, 218 F.3d at 1221 (alteration in original) (citation omitted).

*v. Musladin*[30] mandates the first step here:  determining whether clearly established federal law exists relevant to Petitioner's claim.[31]  If the answer is no, the inquiry ends, and this Court will examine the state court's decision no further.[32]  Petitioner has not identified any Supreme Court "case with a materially indistinguishable set of facts" to this one.[33]  Nor has he suggested that the state court made a decision opposite to a Supreme Court decision on a question of law.  And, this Court has not found any such precedent in its own research.

> Because there is no clearly established federal law relevant to [Petitioner's] claim, [the] analysis ends where it begins.  As [the Tenth Circuit Court of Appeals] held in *House*, "[a]bsent controlling Supreme Court precedent, it follows ineluctably that the [state court's] decision . . . cannot be either 'contrary to, or an unreasonable application of, clearly established Federal law.'"[34]

B. Ineffective Assistance of Counsel

Petitioner's final argument is that his trial counsel was ineffective because he objected neither to the amended information nor to allegedly prejudicial remarks by the

---

[30]549 U.S. at 70.

[31]*House*, 527 F.3d at 1017-18.

[32]*Id.* at 1018.

[33]*Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000).

[34]*Crawley v. Dinwiddie*, 533 F.3d 1226, 1231 (10th Cir. 2008) (brackets in original) (quoting *House*, 527 F.3d at 1021 (quoting 28 U.S.C.S. § 2254(d)(1) (2009))).

prosecutor during closing statements.  Here, too, Petitioner has identified no controlling Supreme Court precedent to govern this Court's analysis.  And, the Court's independent review of Supreme Court case law reveals no such precedent.  The Court therefore has no basis upon which to further review the Utah Supreme Court's determination that Petitioner's right to effective counsel was not breached.  Petitioner is thus not entitled to federal habeas relief on the ground of ineffective assistance of counsel.

                              CONCLUSION

        IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

            DATED this 1st day of April, 2009.

                BY THE COURT:


                _____
                DALE KIMBALL
                United States District Judge

11